### PROCEDURE IN THE MUNICIPAL COURT.

Common Pleas Court of Hamilton County.

CARRIE HAMILTON v. CHARLES B. RATTERMAN ET AL.

Decided, June 4, 1916.

*Construction of the Act Relating to Procedure in the Municipal Court of Cincinnati—Determined by Jurisdiction Previous to Establishment of that Court.*

Under the act creating the municipal court of Cincinnati, Sections 9 and 28, providing the procedure which shall govern that court should be so construed as to give effect to both. In all actions in which justices of the peace had exclusive jurisdiction, the procedure governing justices courts applies; in cases in which the justices of the peace and the court of common pleas had concurring jurisdiction, the procedure applicable to either applies; and in cases formerly exclusively within the jurisdiction of the common pleas court, the procedure in that court applies.

*H. P. Karch,* for plaintiff in error.
*E. R. Gwinner* and *G. A. Dornette,* contra.

MAY, J.

This is a proceeding in error to reverse a judgment of the municipal court refusing to set aside an order confirming a sale and ordering distribution of the proceeds brought into that court in a sale upon execution levied upon personal property of the judgment debtor.

The plaintiff below sued for $97.58 and recovered a judgment for $95.50. After judgment, execution was issued and the return shows that the writ was levied upon one Winton Six touring car, seven passenger, and it was sold under execution in conformity with the law.

The plaintiff in error, the defendant below, contends that because there was no advertisement published in a newspaper in accordance with Section 11668, G. C., the sale was invalid.

The act creating the municipal court of Cincinnati (103 O. L., 19), provides that that court shall be a court of record. Section 11668 provides that there shall be no sale of goods and chattels by virtue of an execution issued by a court of record unless notice shall be given by advertisement in a newspaper printed in the county at least ten days before the day of sale.

If there is nothing in the act creating the municipal court of Cincinnati contrary to the provisions of Section 11668, the sale is invalid.

"In the actions and proceedings of which the municipal court act expressly provides that the procedure of the justice court shall govern."

Section 9, as found in 103 O. L., page 282, provides:

"In the actions and proceedings of which the municipal court has jurisdiction, all laws conferring jurisdictions upon a court of common pleas, a police court or a justice of the peace, given such court or officer power  *  *  *  prescribing the force and effect of their judgments, orders or decrees, and authorizing or directing the execution or enforcement thereof, shall be held to extend to the municipal court, unless inconsistent with this act or plainly inapplicable."

It is admitted that the proper notice, as required under the justice court act, Section 10427, G. C., was complied with, to-wit:

"All property taken in execution    *    *    *    shall be advertised for sale at four of the most public places within the township where it was seized, at least ten days before the time appointed for such sale."

Counsel for plaintiff in error, however, contends under Section 28 of the municipal court act, the provisions of Section 11668 apply.

Under the decision of the court of appeals, *In Re Hesse*, 24 C.C.(N.S.), 249, affirmed, *In re Hesse*, 93 Ohio St., 230, the seeming conflict between Sections 9 and 28 must be harmonized so that both be upheld, if possible.

The policy of the Legislature in creating the municipal court was to have a swift and cheap determination of smaller causes. The Legislature must certainly have had in mind to have the provisions in force in the justice court apply, as far as possible, to the municipal court and, as the statute says, said provision shall apply unless inconsistent with this act or plainly inapplicable.

Being therefore of the opinion that the provisions of Section 10427, G. C., are not inconsistent with the municipal court act, and inasmuch as they are expressly made applicable thereto, and as they have been complied with in the sale of the property upon execution in that court, there is no error in the proceedings. It seems that the proper rule of construction be as follows: In all cases where the claim of the plaintiff is for less than $100, the rules applicable to proceedings before a justice of the peace apply; in all cases in which the plaintiff seeks to recover for claims between $100 and $300, the procedure before either the justice of the peace or the court of common pleas applies; and in all cases involving sums of money in excess of $300, the procedure before the court of common pleas applies.

For these reasons the judgment below will be affirmed.